

**RECEIVED**
**BY MAIL**
FEB 2 2 2005

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALIREZA BAKHTIARI,                )
                                  )
        Plaintiff,                )
                                  )
    vs.                           )        Case No. 4:04CV01071 AGF
                                  )
DR. PAULA M. LUTZ,                )
        and                       )
The Board of Curators of the Corporation of  )
The Curators of the University of Missouri

        Defendants,

## COMPLAINT (Amended)

1. On October 22 of 2001 the Chemistry Department of College of Arts and Sciences of the University of Missouri at Rolla (Department of Chemistry, University of Missouri–Rolla, Rolla, MO 65409) formally informed me of my recruitment as a graduate assistant. The contract and supporting documents provided by the defendants define my job title as "teaching assistant" and define the time term of the agreement from January 06 of 2002 to December 31 of 2006.

2. On January 10 of 2002 I reported to the Chemistry Department and on the same day I started my job.

3. As an employee I reported to Dr. David E. Hoiness- (Lecturer) Assistant Chairman of Chemistry Department ( 1870 Miner Circle,  337 Schrenk Hall, Rolla, MO 65409). The specific function of my job under the title of "teaching assistant" varied every semester, based on the timely needs of the Chemistry Department. The specificity of the function in each semester was administered, managed and determined by Dr. Hoiness.

4. At the end of the year 2003 "The Committee on Effective Teaching and Faculty Awards" of the University of Missouri at Rolla determined the Teaching Effectiveness Factors (TEF) for the Faculty and Teaching Assistants in the university including the Chemistry Department. This factor was published to be 3.2 for me, 2.5 for the whole campus of University of Missouri at Rolla and 2.9 for the Chemistry Department. The above figures for TEF and the students written evaluations testify of my excellence in performance as chemistry instructor and in deliverance of my agreements with the defendants.

5. During the first five semesters of my performance (from January of 2002 to September of 2003) as a teaching assistant, I observed that the method and the condition of teaching of the freshman chemistry courses and laboratories are decreasing the interest of the

undergraduate students in chemistry and related subjects. I reported my observations to Dr. Hoiness. During my teaching in fall semester of 2003, I partly introduced some possible innovations, which would change the above affect. At the end of Fall semester of 2003, as a part of my proposal, I conducted a survey in this regard through 200 undergraduate students who took the freshman chemistry courses in that semester and the summary of the survey results was reported to Dr. Hoiness.

6. Based on the facts mentioned in paragraph 5, Dr. Hoiness defined my specific function for winter semester of 2004. This function was to restructure and redesign the syllabus and the content of Freshman Chemistry Laboratory course (Chemistry 002 Lab.). I started this function at the beginning of the winter semester of 2004 (January of 2004).

7. On January 20 of 2004 Dr. Ekkehard Sinn- Professor and Chair of the Chemistry Department (1870 Miner Circle, 142a Schrenk, Rolla, MO 65409) informed me that defendant Lutz (Madam Dean-DR. Paula M. Lutz, Dean of College of Arts and Sciences, 1870 Miner Circle, 121 Fulton Hall, Rolla, MO 65409) has decided to dismiss me as a teaching assistant. There was no reason given. I immediately asked for dismissal according to the "Procedures in Case of Dismissal for Cause" as the University of Missouri's handbook calls for.

8. Between January 20 of 2004 and March 15 of 2004 I frequently contacted defendant Lutz's office and personally asked for a reason of my dismissal and asked for my right of being dismissed according to the handbook. Defendant Lutz was not willing to talk to or meet with me.

9. Between January 20 of 2004 and March 15 of 2004, during my efforts to either obtain my handbook rights or discover any reason(s) for my dismissal, on four different occasions I was promised by two of the university officials (two times each) that they would bring my request before defendant Lutz to either resolve the issue informally and change her mind or obtain her permission to start the dismissal procedures. They both came back with the answer that defendant Lutz is not willing to disclose any reason for dismissal and neither is she willing to offer any dismissal procedure. These two officials were:

- Dr. Sinn- Professor and Chair of the Chemistry Department (1870 Miner Circle, 142a Schrenk, Rolla, MO 65409)
- Dr. Harvest L. Collier, Professor of Chemistry and Vice Provost of the University (1870 Miner Circle, 207 Parker, Rolla, MO 65409)

10. During the first semester of my stay on the campus of the University of Missouri at Rolla (winter semester of 2002), I took part in a course, as a part of my PhD program. During that semester, in that course, particularly at the end of that course, I and a few other PhD students experienced severe ignorance and violation of our civil and academic rights. At the end of that semester, I brought a petition before defendant Lutz in that regard. After a series of requests, defendant Lutz granted an "Ad Hoc Review Committee" and a hearing. At the end of the one hour hearing defendant Lutz suggested that I remove my petition since the continuation of my petition would be destructive to the academic reputation and standing of the professor of that course (Professor Gary J. Long, Professor of Chemistry, 1870 Miner Circle, 335 Schrenk Hall, Rolla, MO

2

65409). I suggested that defendant Lutz considers our civil and academic rights besides the reputation of that professor and I requested that the hearings continue.

11. At November 21 of 2002 the first hearing finished and I continued by pursing the second hearing on that matter. The pursuit included my constant phone calls, emails and letters to defendant Lutz. Defendant Lutz relied on variety of reasons to postpone the second hearing. Residence of Dr. Gary Long in Europe was one of her common reasons. On one occasion, I and two others of the suffering PhD students wrote a letter to Dr. Sinn and defendant Lutz, requesting for a reply and continuation of the hearings. We are still waiting for the second hearing.

12. On February 17 of 2004 I was struggling to achieve my rights of being heard by a committee in the "Procedures in Case of Dismissal for Cause" and to discover a reason for my dismissal. I was still enrolled, a PhD student in science and my IT-Computer-Email account was an essential tool with which I carried out research and continued my academic work. The defendants froze my IT-Computer-Email account on the day of February 17 of 2004 and confiscated the contents of the account, including my email communications.

13. From February 17 of 2004 until this day, in a series of phone calls, emails and letters I have been inquiring to the defendants for any reason(s) as to why they would completely disable a PhD student in science at the middle of his academic work by retaining his IT-Computer-Email account. I have not been given any answer.

14. On January 22 of 2004 the defendants wrote a letter to U.S. Citizenship and Immigration Services (USCIS-St. Louis Sub Office, Robert A. Young Federal Building, 1222 Spruce Street, Room 1.100, St. Louis, MO 63103), through the International Affairs Office of the University of Missouri at Rolla (103 Norwood Hall, 1870 Miner Circle, Rolla, MO 65409). In the letter the defendants express a series of defamatory and slanderous statements about me, none of which is truthful.

15. On March 04 of 2004 the defendants informed me that since I was not employed on the campus any more, my academic tuitions had increased from about 1700$ per semester to about 7000$ per semester. They informed me that they were not willing to offer me any "Procedures in Case of Dismissal for Cause." They informed me that they were not willing to offer any reasons for my dismissal as a teaching assistant. They informed me that they were not willing to unfreeze my IT-Computer-Email account and were not willing to give any reasons for that matter either. However, they said I was still welcome to stay on the campus and continue on my PhD program.

16. Since continuing on my PhD program under the circumstances mentioned in paragraph 15 were practically impossible, I left the campus on March 15 of 2004.

17. On March 25 of 2004 I asked the defendants to issue copies of my academic transcripts for me so that I could restart my PhD program in another university. The defendants refused to do so.

3

18. I insisted on my request for transcripts and contacted three administrative officials on the campus of the University of Missouri at Rolla and brought the request mentioned in paragraph 17 to them. They all refused to issue the transcripts. These officials were:

- Dr. Jay W Goff, Dean of Enrollment Management (1870 Miner Circle, 102 Parker Hall, Rolla, MO 65409)

- Dr. Gary Thomas, Chancellor of the University of Missouri at Rolla (1870 Miner Circle, 206 Parker Hall, Rolla, MO 65409)

- Mr. Frank Stephen Malott, Vice Chancellor to Administration, University of Missouri at Rolla (1870 Miner Circle, 210 Parker Hall, Rolla, MO 65409)

19. On April 13 of 2004 I requested the defendants for a service letter, according to the Missouri statute of RSMO 290.140. The defendants refused to answer my request properly.

20. I intend to apply to and enroll in another university to pursue my career. On November 17 of 2004 I contacted the President of the Board of Curators of the University of Missouri (previous president of the defendants)- Madam Curator Mary L. James (902 Bird Avenue Harrisonville, MO 64701). I asked her to assist in minimizing the harms I endure from the wrongdoings of the defendants by issuing a copy of my academic transcripts, which would allow me to pursue my career and limit the harms. I did not receive a response from Madam Curator James or any other officials.

### Violation of the Title VI of the Civil Rights Act

The ignorance and carelessness of defendant Paula M. Lutz to the civil rights of me and other PhD students in the Chemistry Department was unlawful and unjust (referring to the factual background mentioned in paragraphs 10 and 11). With this belief, I opposed the defendants' position on the issue for one and a half years and constantly reminded them that the above issues should be properly addressed by continuation of the hearings or should be forwarded to the Office for Civil Rights of the U.S. Department of Education.

Paragraphs 1 through 20 of this complaint present a series of elements of retaliation made by the defendants against me because of my opposing actions and complaints. Termination of my employment is a major one.

### Breach of Contract

I started my employment as "graduate teaching assistant" at January 10 of 2002. For this employment a contract and an agreement was formed, bound and constituted between the defendants and me. The documents define time terms, payment, the title and function of employment.

As "The Committee on Effective Teaching and Faculty Awards" of the University of Missouri at Rolla has published, and the Chemistry Department has expressed in different forms, and as my students have testified in their written evaluations, I had exceeded the defendants' expectations, which the contract defines for my employment.

4

The defendants terminated my employment on January 21 of 2004, in spite of the time terms of the agreement, and in spite of my performance.

## Harms and Damages

By termination of my employment and the other retaliatory actions which the defendants took, they terminated my PhD program (referring to the factual background mentioned in paragraph 15), a program for which I had spent two years of intense effort. The defendants and I expected my PhD program to finish at the latest by December 31 of 2006.

The defendants still refuse to issue my academic transcripts, without which pursuing my PhD program in other universities is impossible. Therefore the postponement of my career continues.

Termination of my employment happened unexpectedly and suddenly at January 20 of 2004, while my family and I were on a steady state life, and I and my spouse were both pursuing our careers. Halting my career abruptly and the income source of my family being removed suddenly brought a lot of painful mental and financial sufferings for me and my family, from which we have not recovered yet.

After my termination, I started a job seeking process. During each and every job interview I was asked by the interviewers for a reason why my job as a "teaching assistant" was terminated and why my PhD program was stopped at the middle. I could not provide an answer since I was not given one. These circumstances made the job-finding extremely difficult for me after my termination.

**Whereof** I pray for judgment against the defendants in compensation for the harms and damages they imposed on my career, for postponement of my career and for the pain and sufferings I and my family endure from their retaliatory actions.

**Dated, February 19 of 2005**

**Respectfully Submitted**

Alireza Bakhtiari, Plaintiff in Pro Se

### Certificate of Service

On February 19 of 2005 the original of the foregoing was mailed to the court through US Mail, and a copy of this writing was mailed through US Mail (certified) to
Ms. Nancie D. Hawke and Mr. Phillip J. Hoskins
UM-General Counsel's Office
227 University Hall
Columbia, MO 65211

Alireza Bakhtiari, Plaintiff in Pro Se

5

**AO 440 (Rev. 10/93) Summons in a Civil Action**

# United States District Court

### EASTERN DISTRICT OF MISSOURI

Alireza Bakhtiari
7263 HWY 47
Union, MO 63084

## SUMMONS IN A CIVIL CASE

V.

**CASE NUMBER:** 4:04CV1071-AGF

Dr. Paula M. Lutz
     and
The Board of Curators of
The Curators of the University of Missouri

TO: (Name and address of defendant)

Curator Thomas E. Atkins
President of the The Board of Curators
316 University Hall
Columbia, MO 65211

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Alireza Bakhtiari
7263 HWY 47
Union, MO 63084

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**CLERK**

**DATE**

**(BY) DEPUTY CLERK**

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and Complaint was made by me† | **DATE** | |
| **NAME OF SERVER** *(PRINT)*<br>Boone County Sheriff Department | **TITLE** | |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the defendant. Place where served:

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
    Name of person with whom the summons and complaint were left:

☐   Returned unexecuted:

☐   Other *(specify)*:

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| **TRAVEL** | **SERVICES** | **TOTAL** |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____       _____
        *Date*                             *Signature of Server*

                                                      _____
                                                       *Address of Server*

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93)   Summons in a Civil Action

# United States District Court

### EASTERN DISTRICT OF MISSOURI

Alireza Bakhtiari
7263 HWY 47
Union, MO 63084

## SUMMONS IN A CIVIL CASE

V.

**CASE NUMBER:** 4:04CV1071-AGF

Dr. Paula M. Lutz
   and
The Board of Curators of
The Curators of the University of Missouri

TO: (Name and address of defendant)

Curator Thomas E. Atkins
President of the The Board of Curators
316 University Hall
Columbia, MO 65211

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Alireza Bakhtiari
7263 HWY 47
Union, MO 63084

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me† | |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Boone County Sheriff Department | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
          Date                                    Signature of Server

                                        _____
                                          Address of Server

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.